UNITED STATES (GALLEGO v.). See Case No. 5,201.

---

## Case No. 15,186.

UNITED STATES v. GARCIA et al.

[1 Sawy. 383.] [1]

District Court, D. California. Nov. 3. 1870.

PRACTICE—FINAL DECREE—REEXAMINATION.

1. When the minutes of the former United States district court for the Southern district of California, showed that the judge delivered an opinion overruling exceptions and confirming a survey of a Mexican grant, but no decree appeared to have been made or written opinion filed. Held, that no final decree had been made and that the cause was still pending.

2. Held, further. that it was the duty of this court, which had succeeded to the jurisdiction of the late Southern district court, to enter a decree in the cause; but that on a showing, such as would justify an order for a new trial. or rehearing, or leave to file a bill of review. the cause might be re-examined.

[This was a claim by Maria de Jesus Garcia and others for Los Nogales, one square league in San Bernadino county, granted March 13, 1840, by Juan B. Alvarado to José de la Cruz Linares. Claim filed October 9, 1852; confirmed by the commission January 17, 1854, and by the district court January 16, 1857. Case unreported. It is

[1] [Reported by L. S. B. Sawyer. Esq., and here reprinted by permission.]

now heard upon motion to set aside order confirming survey.]

L. D. Latimer, U. S. Atty.. and J. W. Harding, for the United States.
Williams & Thornton and Geo. H. Smith, for claimants.

HOFFMAN, District Judge. It appears from the records of the late United States district court, for the Southern district of California, that on the fifteenth November, 1859, the survey of the lands confirmed to the above claimant, was ordered into court for review. Exceptions to the survey were duly filed, and on the twenty-fifth May, 1860, an order was entered, by which the exceptions were in part allowed, the survey set aside, and a new survey ordered in conformity to minute and detailed directions embodied in the order. On the first of June, 1860, this order was opened up on motion of the attorneys for the claimant, and the cause was continued for a further hearing, until the succeeding term. On the nineteenth March, 1861, the cause was again argued and submitted, and on the twentieth March of the same year, an opinion was delivered by the court "overruling the exceptions to the survey, and confirming the said survey of the surveyor-general of the United States, for the state of California, now on file in this court." No formal order or decree in conformity with this opinion seems to have been entered. But on the fifteenth April following, an appeal was granted on motion of the attorney for the claimants "from the decision and decree of the court, confirming the survey of the surveyor-general of the United States and overruling the exceptions to the same." The district court for the Southern district of California having been abolished, and its records and pending suits transferred to this court, a motion is now made to set aside the order last referred to, and to open the case for further proofs, with a view to a rehearing on the merits.

This motion is founded on the record and proofs on file, and on affidavits setting forth facts tending to show the official survey to be grossly erroneous and unjust.

Two questions are thus presented for consideration: (1) Is the decision heretofore rendered. a final judgment or decree, which cannot now, after the lapse of nine years, be considered or disturbed? (2) If not a final decree in form, did the rendering of the decision in open court and its announcement to the parties constitute such a final adjudication of the cause, as to restrict the authority of the court at this time to the performance of the merely ministerial act of making and entering a formal decree in conformity with the decision already rendered? Or is the court at liberty on a showing such as would be regarded as sufficient on a motion for a rehearing. or to sustain a bill of review, to look into the merits, and make such final decree as may be just?

1. The only record of the supposed final judgment of the court is an entry in the minutes, to the effect that the judge delivered an opinion overruling the exceptions to the survey, and confirming the survey of the U. S. surveyor-general, "now on file in this court." No written opinion is found on file. nor any order or decree embodying this decision of the court. The minutes are not signed by the judge. The terms of the entry are not that a judgment was rendered, but only that "an opinion" was delivered to the effect stated. There can be no doubt, however, that the court intended to pronounce its judgment, and virtually to decide the case. The taking of an appeal at a subsequent day, and before any final decree was signed or entered, is explained by the fact that the idea generally prevailed among the gentlemen of the bar. that all appeals should be taken during the term at which the decision appealed from was rendered, and the appeal in this case was taken out of abundant caution, and to save the rights of the claimants. The act of 1860 [12 Stat. 34], under which these proceedings took place. evidently contemplates that the determination of a plat and survey the court, shall be by its "decree" (when the district court shall by its decree have finally approved said survey and location," etc., section 5), and it provides that the said plat and survey so finally determined by publication or decree shall have the effect and validity of a patent. The act of July 1, 1864 [13 Stat. 332]. which in effect repealed the act of 1860, reserves from its operation, cases then pending, and provides, that "the court may in those cases proceed and complete its examination and determination, and its decree thereon shall be subject to appeal to the circuit court," etc. These provisions clearly contemplate something more than the oral announcement in court, by the judge. of his opinion or even decision in the case. of which a note or minute is taken by the clerk. The plat and surveys approved by the decree have the effect of a patent. The decree, with the plat annexed, operates. therefore, to convey the title of the United States to the land to the confirmee. But to effect this, it would seem indispensable. not only that a formal decree should be made and entered, but that the plat and survey approved should be attached to and made part of it, so that no doubt can remain as to what plat and survey were approved by the court.

In the former Northern district of this state, it was the invariable practice, after the court had rendered its opinion approving a survey, to make and sign a formal decree, to which the plat was annexed and of which it was made a part, and which was identified and authenticated by the written approval of the judge, signed by himself, and inscribed in the margin. It was never supposed

that, until this was done, a final decree had been made in the cause. Substantially, the same practice is understood to have prevailed in the late court for the Southern district. Independently, therefore, of the general rules of equity practice in analogous cases, there are special reasons in this class of cases for holding the cause not to be finally adjudicated until a decree with the approved plat· and survey attached has been signed and entered.

A question somewhat similar was presented to the supreme court in Silsby v. Foote, 20 How. [61 U. S.] 290. In that case, a final decision had been made by the court on the twenty-eighth of August, 1854, and an appeal duly taken on the fourth of September. The decree was special in its terms, and was not settled or signed by the judge until the ·eleventh of December, 1856, on which day a second appeal was taken. The question before the court was, which appeal was regular? It does not appear from the report in what form the first "final decision" was made—whether by announcement orally by the judge from the bench and noted in the minutes, or by the filing of a written opinion. The court held that an appeal might be taken in open court, during the term and within ten days after the decision is pronounced and entered on the minutes by the clerk, but that an appeal taken within ten days after the decree is settled and signed by the judge and filed by the clerk, would also be· in time to stay the proceedings—that when the decree is special there is a propriety in waiting for the settlement before taking the appeal, and that "the time when the judgment or decree may be said to be 'rendered' or 'passed,' admits of some latitude, and may depend somewhat upon the usage and practice of the particular court." The court retained the first appeal and dismissed the second.

In the case of U. S. v. Gomez, 1 Wall. [68 U. S.] 691, it was contended that the appeal had not been taken• within the five years allowed by law. An opinion confirming the claim of Gomez had been delivered on the fifth of June, 1857, and entry thereof duly made on the minutes with an order that a decree be entered up in conformity to the opinion. On the seventh of January, 1858, a decree was filed, which recited the previous proceedings and was directed to be entered as of the fifth of June, nunc pro tunc. On the fourth of February, 1858, the claimant obtained leave to amend this decree by substituting another, for a larger tract of land, in its stead. A decree in pursuance of this leave was entered on succeeding day. The appeal was taken on the twenty-fifth day of August, 1862. On this state of facts, the court says: "Argument can add nothing to the force of this statement as drawn from the record. Plainly there was no decree of any kind in the case until the seventh of January, 1858, and as that decree was ordered to be amended by substituting another

in its stead, the final decree in the case was that of the fifth of February following. Five years therefore had not elapsed before the appeal was taken." It will be noted that in this case it appeared by the minutes that a decree was ordered to be entered in conformity with the opinion at the time when the latter was announced. In the case at bar, the minutes show that an opinion confirming the survey was delivered, but no order for the entry of a decree in conformity to it, appears to have been made. This decision of the supreme court is therefore conclusive as to the question under consideration. No final decree has ever been entered in the case. It is therefore a pending case within the saving clause of the act of 1854, and must be completed and determined by the entry of a final decree.

2. Is this court, which is now called upon to enter a final decree, bound by the opinion already delivered, or is it at liberty to examine into the merits, and enter such final decree as may be just? In the case of Dogget v. Emerson [Case No. 3,961] a cause had by consent been heard in chambers by the circuit judge, a written opinion delivered, and a decree drawn up and given to the reporter. to be filed in the clerk's office; but it did not reach that office until three days after the term had closed. In the meantime, the circuit judge (Mr. J. Story) had died. At the succeeding term a motion was made to enter and carry into effect the decree. It was held that the intervening death of the judge was no ground for a rehearing if an opinion was actually delivered; but otherwise, if only prepared. But that an opinion once pronounced or a decree once made may be altered if some obvious mistake of law or of fact be shown. That "there must be something tantamount to what would justify a new trial," and the court applies to this case the principles which govern in applications for a rehearing, or for leave to file a bill of review, or a bill in the nature of a bill of review.

In Life & Fire Ins. Co. v. Wilson's Heirs, 8 Pet. [33 U. S.] 291, it was held by the supreme court that the signing of a "judgment rendered in the case by the judge's predecessor in office, was a ministerial and not a judicial act, and that the judge might be compelled by mandamus to do so, unless in the exercise of his discretion he grants a new trial, and that as the successor of his predecessor he can exercise the same powers, and has a right to act on every case that remains undecided on his docket, as fully as his predecessor could have done.

There being no doubt, therefore, as to the power of this court as the successor of the late district court for the Southern district of California, to act on the case as fully as that court could have done, it remains to be considered, whether the claimants have shown such a case as entitles them to a rehearing. In considering this question, I shall

confine myself to the undisputed facts disclosed by the record.

\* \* \* \* \* \* \*

The long delay on the part of the claimants to move in the matter is explained, on the ground that they are Mexicans, ignorant of our laws and language; that they have continued to live on the land undisturbed until recently, and relying on the justice of the government to protect them in their undoubted rights; that the judge who rendered the decision, died shortly afterwards, and the sessions of the court held by his successor at Los Angeles, were rare and irregular. It does not appear that any rights of third persons have intervened. Nor is it easy to see how, in any view, such persons would be entitled to protection on the ground of any reliance placed by them on the finality of the supposed decision of the court. If that decision and the entry on the minutes amounted to a final decree, then the appeal taken from it was regular and the cause remained pending and undetermined until the appeal should be dismissed—which has not been done. If, on the other hand, the cause is to be deemed not finally decided until a decree has been signed and entered, then the record disclosed that no such decree had ever been made, and that the case was still pending and undecided. In neither view had third persons the right to treat the supposed decision as final and conclusive.

My opinion is, that it is the duty of the judge of this court to make such a decree as on full examination of the case shall appear just. The motion for a re-hearing is therefore granted, and the cause will be opened for further proofs.

---

UNITED STATES (GARCIA v.). See Case No. 5,215.